IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 13-20470-JAD |
| | ) | |
| JOSEPH FRIONI and | ) | |
| DIANE LEE FRIONI, | ) | Chapter 11 |
| Debtors | ) | |

## DEBTORS' PLAN OF REORGANIZATION DATED SEPTEMBER 30, 2013

Joseph Frioni and Diane Lee Frioni, the Debtors-in-possession, propose the following Plan of Reorganization ("Plan") pursuant to Section 1121 of the Bankruptcy Code ("Code"), 11 U.S.C. section 1121:

### I. Definitions

The following terms, when used herein or in the Plan, shall, unless the context otherwise indicates, have the following meanings, respectively:

1.01    Allowed Administrative Claim:  All or that portion of any Administrative claim which either (a) has been allowed by Final Order, or (b) was incurred by the estate of the Debtors in the ordinary course of business during these reorganization proceedings.

1.02    Allowed Claim: A claim, other than an Administrative claim, either scheduled pursuant to the Code, other than a claim scheduled as disputed, contingent, or liquidated, or proof of which has been timely filed with the Court pursuant to the Code or any Order of the Court, or late filed with Leave or Court after Notice and Hearing, and either no objection to the allowance of which or a Motion to Expunge has been interposed before any final date for the filing of such objections or motions set forth in the Order of Court confirming the Plan, or any objection to the allowance of which or a Motion to Expunge has been overruled by a Final Order, or which has otherwise been allowed by a Final Order.

1.03  Confirmation Date:  The date of entry of the Order of Court confirming the Plan.

1.04  Confirmation Order:  The Order of Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.05  Court:  The United States Bankruptcy Court for the Western District of Pennsylvania, acting in this case.

1.06  Debtors:  Joseph Frioni and Diane Lee Frioni.

1.07  <u>Effective Date:</u>  The thirtieth day after the Confirmation Date, provided no Order is entered staying the Confirmation Order or the thirtieth day after which any stay of the confirmation Order ceases to be effective.

1.08  <u>Final Order:</u>  An Order or judgment, the operation or effect of which has not been stayed, and as to which Order or judgment or any revision, modification or amendment thereof, the time to appeal or seek review or rehearing has expired, and as to which no timely filed appeal or petition for review or rehearing is pending.

1.09  <u>Plan:</u>  The Debtor's Plan of Reorganization dated September 30, 2013.

1.10  <u>Secured Claim:</u>  An allowed claim of a creditor secured by a lien on property in which the Debtors have an interest, or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent the lien or setoff is supported by the value of the property.

## II.  Effect of Confirmation

On the Confirmation Date, all of the provisions of the Plan shall be binding on the Debtors, all claimants, all creditors, all interest holders and all other parties-in-interest who are affected (or whose interests may be affected) in any manner by the Plan.  On the Confirmation Date, the Debtors, their agents, servants, employees, accountants and attorneys, and the Trustee and Trustee's attorneys will be released and forever discharged, subject to the provisions of 11 U.S.C. Sec. 1141,  from and against any and all claims or rights of creditors of the Debtors of any nature arising prior to confirmation of the Plan except for willful misconduct, and the rights of creditors of the Debtors against the Debtors, its agents, servants, employees, accountants and attorneys will be limited to those arising under the Plan.

At any time prior to the Confirmation date, the Debtors may amend the bankruptcy schedules in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

## III.  Classification of Claims and Interests

The creditors of the Debtor is divided into the following classes:

1. <u>Class I</u> shall consist of all allowed administrative claims and expenses.  This class will include the administrative claims of the Debtor's attorneys and, any other professionals retained by the Debtor in this case with approval by the Court, quarterly fees due to the Office of the United States Trustee, and debts incurred since the filing date, including any administrative tax claims.

2. Class II shall consist of the creditors holding allowed secured mortgage claims of Union Building and Loan (Proof of Claim # 26-1) in the amount of $104,293.94 against the Debtors' commercial property located at 2608 Brodhead Road, Aliquippa, PA 15001; and JP Morgan Chase (Proof of Claim # 20-1) in the amount of $115,208.16 against the Debtors' residence located at 566 Tank Farm Road, Aliquippa, PA 15001.

3. Class III shall consist of the allowed secured tax claim of the Internal Revenue Service (Proof of Claim # 5-2) in the amount of $73,635.94 against the Debtors' real and personal property.

4. Class IV shall consist of the allowed priority tax claims of the Internal Revenue Service (Proof of Claim # 5-2) in the amount of $25,170.12; and the Pennsylvania Department of Revenue (Proof of Claim # 16-1) in the amount of $19,323.70; and, the claim of the Commonwealth of Pennsylvania, Department of Labor and Industry in the amount of $1,318.32.

5. Class V shall consist of the timely filed, allowed claims of secured tractor loan with Insolve Recovery, LLC, as assignee of GE Capital c/o Capital Recovery Group, LLC (Proof of Claim # 8-1) secured against a 2008 Cub Cadet tractor/mower in the amount of $4,651.81.

6. Class VI shall consist of the timely filed, allowed claim of Fifth Third Bank (Proof of Claim # 4-1) in the amount of $4.49 secured against a 2004 Harley Davidson motorcycle.

7. Class VII shall consist of the timely filed, allowed claims of general unsecured creditors. The following unsecured creditors filed timely claims: eCast Settlement Corporation, assignee of Citibank (S.D.), N.A. (Proof Claim # 1-1) in the amount of $11,874.96; eCast Settlement Corporation, assignee of FIA Card Services aka Bank of America (Proof Claim # 2-1) in the amount of $12,744.93; eCast Settlement Corporation, assignee of Citibank (S.D.), N.A. (Proof Claim # 3-1) in the amount of $16,715.43; American Express Bank, FSB (Proof Claim # 6-1) in the amount of $4,183.60; ; American Express Bank, FSB (Proof Claim # 7-1) in the amount of $420.49; Insolve Recovery, LLC, as assignee of GE Capital c/o Capital Recovery Group, LLC (Proof of Claim # 8-1) in the amount of $4,651.81; Vanda, LLC (Proof of Claim #9-1) in the amount of $4,126.19; Discover Bank (Proof of Claim # 10-1) in the amount of $12,030.53; Portfolio Recovery Associates, LLC (Proof of Claim # 11-1) in the amount of $7,119.20;   Portfolio Recovery Associates, LLC (Proof of Claim # 12-1) in the amount of

$2,580.12; Duquesne Light Company Portfolio Recovery Associates, LLC (Proof of Claim # 13-1) in the amount of $1,610.72; Portfolio Recovery Associates, LLC (Proof of Claim # 14-1) in the amount of $1,393.74; Portfolio Recovery Associates, LLC (Proof of Claim # 15-1) in the amount of $1,112.90; Oak Harbor Capital II, LLC (Proof of Claim # 17-1) in the amount of $4,507.43; Portfolio Recovery Associates, LLC (Proof of Claim # 18-1) in the amount of $14,692.01; Portfolio Recovery Associates, LLC (Proof of Claim # 19-1) in the amount of $13,369.44; American Express Centurion Bank (Proof of Claim # 21-1) in the amount of $12,626.76; Systems & Services Technologies, Inc. (Proof of Claim # 22-1) in the amount of $2,991.36; Capital One, N.A. (Proof of Claim # 23-1) in the amount of $466.48; GE Capital Retail Bank (Proof of Claim # 24-1) in the amount of $1,553.86;   GE Capital Retail Bank (Proof of Claim # 25-1) in the amount of $2,694.60; Portfolio Recovery Associates, LLC (Proof of Claim # 27-1) in the amount of $4,736.18; Portfolio Recovery Associates, LLC (Proof of Claim # 28-1) in the amount of $6,318.78; and, PNC Bank (Proof of Claim # 29-1) in the amount of $1,273.33.

### IV. Treatment of Claims and Interests

The Debtors propose to pay claims as follows:

1. Class I administrative claims shall remain unimpaired and be paid in full on or before the 30th day after the entry of the Confirmation Order, or in the ordinary course of business or as otherwise agreed to by the parties and approved by the Court. Claims of the professionals engaged by the Debtors, or claims in this class disputed by the Debtors are subject to Bankruptcy Court approval.

2. The Class II claim of the creditors are impaired holding allowed secured mortgage claims of Union Building and Loan (Proof of Claim # 26-1) in the amount of $104,293.94 against the Debtors' commercial property located at 2608 Brodhead Road, Aliquippa, PA 15001. The Debtors shall reamortize this mortgage amount of $104,293.94 at 4.5% over ten (10) years. The monthly P/I payment shall be $1,080.89 per month plus an additional monthly amount of $450.00 per month toward escrow for taxes and insurance for a total monthly amount $1,530.89 commencing 30 days following confirmation of the Plan. In the event that Debtors paid adequate protection payments (from the time of filing until confirmation) to Creditor, Debtors shall be given credit for said payments toward the reamoritzed monthly amounts from the initial filing date; and, JP Morgan Chase (Proof of Claim # 20-1) in the amount of $115,208.16 secured against the Debtors' residence located at 566 Tank Farm Road, Aliquippa, PA 15001.

The Debtors shall reamortize this mortgage amount of $115,208.16 at 4.5% over twenty-five (25) years. The monthly P/I payment shall be $640.36 per month plus an additional monthly amount of $445.00 per month toward escrow for taxes and insurance for a total monthly amount $1,085.36 commencing 30 days following confirmation of the Plan. In the event that Debtors paid adequate protection payments (from the time of filing until confirmation) to Creditor, Debtors shall be given credit for said payments toward the reamortized monthly amounts from the initial filing date.

3. The Class III allowed secured tax claim of the Internal Revenue Service (Proof of Claim # 5-2) in the amount of $73,635.94 against the Debtors' real and personal property shall be paid over a period of 72 months, along with statutory interest (3%). The Debtors incorporate the Stipulation for Use of Cash Collateral approved by the Court on June 7, 2013 (Document Nos. 34 & 44) with the Internal Revenue Service within their plan. However, modifies same to extend repayment over 72 months, rather than 60 months in order to make payments on the I.R.S.' priority claim over the same 72 month period. This Class is impaired.

4. The Class IV shall consist of the timely filed, allowed priority tax claims of the Internal Revenue Service (Proof of Claim # 5-2) in the amount of $25,170.12; Pennsylvania Department of Revenue (Proof of Claim # 16-1) in the amount of $19,323.70; and, the claim of the Commonwealth of Pennsylvania, Department of Labor and Industry in the amount of $1,318.32. This Class is impaired. The Debtors shall pay these claims over 72 months from the initial filing date. Debtors have made Cash Collateral/Adequate Protection payments to the I.R.S. in the amount of $1,500.00 per month (in accordance with Order dated June 7, 2013, however, due to a decline in business income, cannot afford to make payments of these priority claims over the statutory 60 month period. Treatment herein allows for a reasonable, affordable amount which can fit within their budget.

5. The Class V shall consist of the timely filed, allowed claims of secured tractor loan with Insolve Recovery, LLC, as assignee of GE Capital c/o Capital Recovery Group, LLC (Proof of Claim # 8-1) secured against a 2008 Cub Cadet tractor/mower in the amount of $4,651.81. This class is impaired. The Debtors shall commence a § 506 Complaint against Insolve Recovery, LLC. Debtors anticipate the value of the 2008 Cub Cadet will have a judicially determined value of $1,200.00. As such, the Debtors shall provide for payment of

the allowed secured claim of Insolve Recovery, LLC in the amount of $1,200.00 over 60 months. Payments shall commence 30 days following confirmation.

6. The Class VI shall consist of the timely filed, allowed claim of Fifth Third Bank (Proof of Claim # 4-1) in the amount of $4.49 secured against a 2004 Harley Davidson motorcycle.  The Debtors shall pay off this claim in the month immediately following confirmation of the Plan. Upon payment in full, Fifth Third shall provide to Debtors the title to said motorcycle, indicating that the claim/lien is satisfied within 30 days following receipt of payment.

7. The Class VII general unsecured claims shall be impaired. Undisputed, timely filed, unsecured creditors will be paid a total of five percent (5%) of their allowed claims.  The following creditors have filed timely claims:  eCast Settlement Corporation, assignee of Citibank (S.D.), N.A. (Proof Claim # 1-1) in the amount of $11,874.96; eCast Settlement Corporation, assignee of FIA Card Services aka Bank of America (Proof Claim # 2-1) in the amount of $12,744.93; eCast Settlement Corporation, assignee of Citibank (S.D.), N.A. (Proof Claim # 3-1) in the amount of $16,715.43; American Express Bank, FSB (Proof Claim # 6-1) in the amount of $4,183.60; ; American Express Bank, FSB (Proof Claim # 7-1) in the amount of $420.49; Insolve Recovery, LLC, as assignee of GE Capital c/o Capital Recovery Group, LLC (Proof of Claim # 8-1) in the amount of $4,651.81; Vanda, LLC (Proof of Claim #9-1) in the amount of $4,126.19; Discover Bank (Proof of Claim # 10-1) in the amount of $12,030.53; Portfolio Recovery Associates, LLC (Proof of Claim # 11-1) in the amount of $7,119.20; Portfolio Recovery Associates, LLC (Proof of Claim # 12-1) in the amount of $2,580.12; Duquesne Light Company Portfolio Recovery Associates, LLC (Proof of Claim # 13-1) in the amount of $1,610.72;  Portfolio Recovery Associates, LLC (Proof of Claim # 14-1) in the amount of $1,393.74;  Portfolio Recovery Associates, LLC (Proof of Claim # 15-1) in the amount of $1,112.90; Oak Harbor Capital II, LLC (Proof of Claim # 17-1) in the amount of $4,507.43;  Portfolio Recovery Associates, LLC (Proof of Claim # 18-1) in the amount of $14,692.01;  Portfolio Recovery Associates, LLC (Proof of Claim # 19-1) in the amount of $13,369.44; American Express Centurion Bank (Proof of Claim # 21-1) in the amount of $12,626.76; Systems & Services Technologies, Inc. (Proof of Claim # 22-1) in the amount of $2,991.36; Capital One, N.A. (Proof of Claim # 23-1) in the amount of $466.48; GE Capital Retail Bank  (Proof of Claim # 24-1) in the amount of $1,553.86;   GE Capital Retail Bank (Proof of Claim # 25-1) in the amount of $2,694.60; Portfolio Recovery Associates, LLC (Proof of Claim # 27-1) in the amount of $4,736.18; Portfolio Recovery Associates, LLC (Proof of

Claim # 28-1) in the amount of $6,318.78; and, PNC Bank (Proof of Claim # 29-1) in the amount of $1,273.33. The amount of claims filed in this class total 159,212.43. Accordingly, the amount of $7,960.62 shall be paid at an annual distribution of twenty percent ($1,592.12) will be paid in the first through fifth years of the Plan. These creditors shall receive their prorated share from these annual payments.

## V.  Stay of Collection Efforts

The Plan does not provide for the release of non-debtor parties.

## VI.  Means for Execution of the Plan

The Debtors proposes to fund the Plan from the their employment income.

## VII.  Distributions

The Debtors will be subject to the provisions of the Bankruptcy Code and Rules, and will have the rights and duties of a Reorganized Debtor under Chapter 11 of the Bankruptcy Code. The Debtors will make direct payments to creditors in accordance with the Plan.

## VIII.  Executory Contracts

On the Confirmation Date, the Debtors will reject all executory contracts and unexpired leases. The Debtors reserve the right to reject, prior to the Confirmation Date or any date established by Order of Court, any executory contract which it deems to be necessary or of benefit to the estate.

## IX.  Discharge of Debt

At the time the Confirmation Order becomes a Final Order, the Debtors and the reorganized Debtors shall be deemed to have the benefits and effects of Code Section 1141. Unless, after notice and hearing, the Court orders otherwise for cause, confirmation of the Plan does not discharge any debt provided for in the plan until the Court grants a discharge on completion of all payments under the Plan pursuant to 11 U.S.C. §1141(d)(5). In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the creditor must request the Bankruptcy Court to estimate for the purpose of allowance under Section 502 of the Code, prior to the confirmation date in accordance with Bankruptcy Rule 3013. Any disputed, contingent or unliquidated claim which fails to comply with this

procedure shall not be entitled to vote on the Plan since that may unduly delay the administration of this Chapter 11 case.

## X.  Modification of the Plan

The Debtors may propose amendments or modifications to the Plan at any time prior to confirmation, with leave of Court, and notice to affected unsecured creditors, the U.S. Trustee and attorneys for secured creditors.  In the event that all classes under the Plan do not accept the Plan in the requisite number and amount, the Debtors will request that the Court confirm the Plan notwithstanding the rejection of any class, provided that at least one class of creditors whose claims are impaired under the Plan have accepted the Plan.  In such event, the Court will determine whether the Plan can be confirmed notwithstanding the rejection of the Plan by a class of creditors pursuant to Section 1129(b) of the Bankruptcy Code.  After confirmation the Debtors may, with approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order of Confirmation, in such manner as may be necessary to carry out the purposes and effect of the Plan.

## XI.  Management and Ownership

After the entry of a Final Order Confirming the Plan, the Debtors will continue to use their own income to make plan payments as the reorganized Debtors.

## XII. Jurisdiction

The Debtor anticipates that the Court will enter a Post-Confirmation Order retaining jurisdiction for the following purposes:

a. to determine the allowance or disallowance of claims and interests, to determine any objections to claims and to estimate claims for the purpose of allowance;

b. to fix allowance of compensation and other administrative expenses;

c. to determine any and all pending applications for the rejection or assumption of executory contracts and determine any and all claims arising therefrom;

    d. to determine all applications, objections, adversary proceedings and contested or litigated matters properly before the Court and pending on the Plan Confirmation Date;

    d. to conduct any sales of real estate or other assets as necessary to the consummation of the Plan;

    e. to modify the Plan pursuant to the Bankruptcy Code or remedy any defect or omission or inconsistency within the Plan.

    f. to determine any tax liability arising from the administration of this bankruptcy estate.

Respectfully submitted,

Dated: September 30, 2013    /s/ Edgardo D. Santillán
Edgardo D. Santillán, Esq.
Santillán Law Firm, PC
(Counsel for Debtor)
650 Corporation Street
Suite 304
Beaver, PA  15009
(724) 770-1040
Pa. I.D. # 60030

Dated: September 30, 2013    /s/ Joseph Frioni
Joseph Frioni

Dated: September 30, 2013    /s/ Diane Lee Frioni
Diane Lee Frioni